# In re Delia LAZARTE-Valverde, Respondent

## File A70 826 043 - Boise

### *Decided February 9, 1996*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

Section 212(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(i) (1994), which waives inadmissibility under section 212(a)(6)(C) of the Act for fraud or willful misrepresentation of a material fact in relation to procuring a visa, other documentation, or entry into the United States or other benefit provided under the Act, is not applicable to waive inadmissibility under section 212(a)(6)(F) of the Act for document fraud in violation of section 274C of the Act, 8 U.S.C. 1324c (1994).

FOR RESPONDENT: Ernest A. Hoidal, Esquire, Boise, Idaho

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Ann M. Tanke, District Counsel

BEFORE: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HURWITZ, FILPPU, COLE, and MATHON, Board Members. Concurring Opinions: SCHMIDT, Chairman, joined by VILLAGELIU, Board Member; ROSENBERG, Board Member, joined by HOLMES and GUENDELSBERGER, Board Members.

COLE, Board Member:

In a decision dated October 18, 1994, an Immigration Judge found the respondent deportable under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (1994), because she had remained in the United States without proper authorization. The Immigration Judge also found the respondent deportable under section 241(a)(3)(C) of the Act, as an alien subject to a final order for violation of section 274C of the Act, 8 U.S.C. § 1324c (1994). The Immigration Judge granted the respondent's application for a waiver under section 212(i) of the Act, 8 U.S.C. § 1182(i) (1994), and adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1994). The Immigration and Naturalization Service has appealed the Immigration Judge's grant of a waiver and the grant of adjustment of status. The appeal will be sustained.[1]

---

[1] The request for oral argument is denied pursuant to 8 C.F.R. § 3.1(e) (1995).

## I. BACKGROUND

The respondent is a 45-year-old native and citizen of Bolivia who entered the United States on September 12, 1989, as a visitor with authorization to remain in this country until March 12, 1990. At the deportation proceedings on July 12, 1994, the respondent admitted the factual allegations contained in the Order to Show Cause and Notice of Hearing (Form I-221) and conceded her deportability under section 241(a)(1)(B) of the Act. On October 18, 1994, a charge under section 241(a)(3)(C) of the Act was lodged against the respondent because she was subject to a final order for document fraud under section 274C of the Act. The record indicates that the respondent received a final order for document fraud on July 14, 1994, fining her $500. This order stemmed from the respondent's use of fraudulent documents to obtain employment. The respondent conceded deportability under the lodged charge. She applied for adjustment of status based upon her marriage to a lawful permanent resident and, in conjunction with that application filed for a waiver of excludability under section 212(i) of the Act.

## II. THE IMMIGRATION JUDGE'S DECISION

The Immigration Judge found that the respondent's use of false documents to procure employment could render her inadmissible under two grounds of exclusion, sections 212(a)(6)(C)(i) and (F) of the Act, respectively. The Immigration Judge determined that the respondent committed a "borderline" inadmissible act pursuant to section 212(a)(6)(C)(i) by providing misinformation to the consular officer regarding her intention to come to the United States. The Immigration Judge determined the respondent was inadmissible under section 212(a)(6)(C)(i) because she had committed a misrepresentation by using counterfeit documents to obtain employment.[2]

The respondent was also found inadmissible under section 212(a)(6)(F) because she had been the subject of a final order under section 274C. Using an equal protection argument, the Immigration Judge reasoned that it was not logical that Congress would allow a misrepresentation under section 212(a)(6)(C)(i) to be waived while not allowing document fraud under section 212(a)(6)(F) to be waived when the same conduct gave rise to the two different grounds of inadmissibility. The Immigration Judge also opined that the right of an alien to seek a waiver should not be dependent upon whether the Service decides to fine the alien in accordance with section 274C of the Act. The Immigration Judge found disparate treatment of aliens engaged in the same kind of misconduct based on whether or not the Service chose to

---

[2] The respondent presented false documents in completing the Employment Eligibility Verification (Form I-9) to seek employment from an employer, not work authorization from the Service. Whether such employment is a "benefit provided under this Act" as that phrase is used in section 212(a)(6)(C)(i) is a question which we need not resolve for purposes of this opinion.

impose a fine. The Immigration Judge found this circumstance analogous to that which culminated in the section 212(c) waiver being made available to aliens in deportation proceedings. In *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976), the court determined that the section 212(c) waiver would be available in deportation proceedings because to not allow such would result in a violation of equal protection. The Immigration Judge concluded that the section 212(i) waiver could be applied to both grounds of inadmissibility. The waiver was granted, as was adjustment of status.

## III. ISSUE ON APPEAL

The primary issue in the case is the propriety of the Immigration Judge's use of section 212(i) to waive inadmissibility under section 212(a)(6)(F) of the Act. The Service contends that the Immigration Judge erred in granting a section 212(i) waiver for inadmissibility under section 212(a)(6)(F) of the Act. The Service also argues that the Immigration Judge abused his discretion in granting adjustment of status.

## IV. APPLICABLE LAW

Section 245 of the Act provides that the Attorney General may in her discretion adjust the status of an alien inspected and admitted or paroled into the United States to that of an alien lawfully admitted for permanent residence if the alien applies for adjustment, is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and has an immigrant visa immediately available to him. An alien subject to deportation proceedings may also apply for adjustment of status before the Immigration Judge and, if inadmissible under section 212(a) of the Act, may also apply for a waiver of the ground of inadmissibility. *See* 8 C.F.R. § 242.17(a) (1995).

The two grounds of excludability considered by the Immigration Judge will be set out. Section 212(a)(6)(C)(i) states: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United States or other benefit provided under this Act is excludable." Section 212(a)(6)(F) states: "An alien who is the subject of a final order for violation of section 274C is excludable."

Section 212(i) provides for a waiver for fraud or willful misrepresentation of a material fact. The section reads as follows:

(i) The Attorney General may, in [her] discretion, waive application of clause (i) of subsection (a)(6)(C) -

(1) in the case of an immigrant who is the spouse, parent, or son or daughter of a United States citizen or of an immigrant lawfully admitted for permanent residence . . . .

Section 274C was added to the Act by section 544(c) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5059 (enacted Nov. 29,

1990), and imposes civil penalties for document fraud. Such cases can be tried before an administrative law judge and can result in fines of up to $5,000 for each document used or received. Violating the document fraud provisions also renders an alien both excludable and deportable. *See* sections 212(a)(6)(F), 241(a)(3)(C) of the Act, respectively. There is no explicit waiver provided for these document fraud provisions.

## V. BOARD DETERMINATIONS

### A. Statutory Construction

Our analysis begins with the language of the statute itself. *See INS v. Phinpathya,* 464 U.S. 183 (1984). We observe that when Congress in 1990 renumbered and redesignated the grounds of inadmissibility in section 212, as part of the Immigration Act of 1990, a subsection entitled "Waiver Authorized" was added to certain grounds. A waiver is authorized for section 212(a)(6)(C)(i) and that waiver is found at section 212(i). Section 212(i) makes a reference back to section 212(a)(6)(C)(i). There is no waiver authorized for section 212(a)(6)(F). We note that Congress had the opportunity to add a waiver for section 212(a)(6)(F) in the Immigration and Nationality Technical Corrections Act of l994, Pub. L. No. 103-416, 108 Stat. 4305, but did not do so.

From our review of the statute, we conclude that the omission of a waiver for section 212(a)(6)(F) of the Act was intentional. Where Congress has expressly provided a waiver for other sections of a statute, the natural inference to be drawn from the omission of a waiver in one particular section of that statute is that no waiver was intended. *See Matter of Patel*, 19 I&N Dec. 774 (BIA l988) (citing *Marshall v. Gibson's Products Inc. of Plano*, 584 F.2d 668 (5th Cir. l978)). The Immigration Judge erred by applying the waiver to section 212(a)(6)(F).

Additionally, the Immigration Judge concluded from the language of the statute itself that the legislative intent of the Act would not be frustrated by considering section 212(a)(6)(F) to be subject to waiver. The Immigration Judge reasoned that to deny the possibility of a waiver for conduct giving rise to document fraud of this section would result in disparate, irrational, and unfair treatment.

We observe here a flaw in the Immigration Judge's analysis pointed out by the Service in its brief. The starting point of the analysis used by the Immigration Judge is that the same activity could give rise to two different forms of inadmissibility. However, such is not always the case. Section 212(a)(6)(C)(i) is most often used when an alien makes oral misrepresentations before a consular officer or at the United States border. These misrepresentations do not give rise to liability under section 274C unless a fraudulent document is used. Congress may have rationally considered an oral misrepresentation as being less culpable than the use of fraudulent documents and so provided for

the waiver for such oral misrepresentations. Further evidence of the seriousness of fraudulent document violations is the eligibility requirements for suspension of deportation. An alien deportable for the type of fraud or misrepresentation described in section 212(a)(6)(C)(i) requires 7 years' physical presence, but document fraud violators must have 10 years' physical presence and demonstrate a heightened showing of "exceptional and unusual hardship." *See* section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2) (1994). This statutory construction undermines the Immigration Judge's concern for the disparate treatment of sections 212(a)(6)(C) and (F).

## B. Legal Opinion of General Counsel

We have also considered the impact of the Legal Opinion of the General Counsel dated May 18, 1993, which indicates that the waiver found at section 212(i) may be used to waive inadmissibility based upon the same fraudulent conduct which could be the focus of a section 274C fine proceeding.[3] However, upon close examination of the opinion, we conclude that it is not applicable to the respondent. It is important to note that not all fraudulent conduct that could be the focus of a section 274C fine proceeding is waivable. Section 274C may be applicable in a number of scenarios and the legal opinion addresses only those instances in which proceedings have not yet been initiated. The opinion states: "Where a waiver under section 212(i) is pending, any contemplated proceedings pursuant to section 274C should be delayed until a decision of the section 212(i) waiver application is made. If the waiver application is approved, no further proceedings involving the same conduct should be instituted under section 274C." The opinion states, in effect, that section 212(i) may be used to "waive" proceedings brought pursuant to section 274C of the Act if the waiver was pending before proceedings under section 274C are instituted and the waiver is granted. The opinion addresses the exercise of "prosecutorial discretion" of the Service and describes, not a waiver in the true sense of that term, but rather an instance when a section 274C proceeding should not be initiated. This practice prevents the Service from using the same activity which has been the subject of a section 212(i) waiver to be used as a ground of deportability or excludability as the result of a section 274C proceeding. In the matter before us, an application for a section 212(i) waiver was not pending when the proceedings under section 274C were instituted.

As pointed out in the Service brief, the opinion is inapposite to the facts of the instant case. To repeat, the opinion addresses a situation in which a violation of section 274C of the Act has not yet been found—such is not the circumstance here. Contrary to the respondent's brief, we find it dispositive that the respondent did not have a section 212(i) waiver pending.

---

[3] By letter dated June 20, 1995, the Board solicited additional briefs from the respondent and the Service as to the effect of the Legal Opinion. Both parties submitted briefs.

We conclude that the Immigration Judge erred by applying the section 212(i) waiver to the respondent's inadmissibility under section 212(a)(6)(F) of the Act. Consequently, we find the respondent ineligible for adjustment of status in that she is not otherwise admissible to the United States because of the final order for document fraud. Accordingly, we find it unnecessary to address whether the respondent merits adjustment of status in the exercise of discretion. We note that the respondent applied for voluntary departure in lieu of deportation but this application was not ruled upon by the Immigration Judge. Our review indicates that the respondent is not statutorily eligible for that relief as she is subject to a final order for violation of section 274C. *See* section 244(e)(1) of the Act. The following order is entered.

**ORDER:** The appeal is sustained. The decision of the Immigration Judge is vacated insofar as it granted the respondent a waiver of inadmissibility under section 212(a)(6)(F) of the Act and adjustment of status. The respondent is ordered deported from the United States to Bolivia.

*CONCURRING OPINION:* Paul W. Schmidt, Chairman, in which Gustavo D. Villageliu, Board Member, joined

I respectfully concur. I am writing separately because the Immigration Judge's thoughtful equal protection analysis, which would have resulted in a waiver grant in this case, requires further comment. The Immigration Judge reached a practical, equitable result. His analysis would have permitted us to exercise case-by-case discretion, weighing all of the circumstances present in each instance of fraud. Ordinarily, that is the type of common sense application of the law we should strive to achieve. Therefore, I will explain why I cannot adopt the Immigration Judge's analysis in this case.

## I. EQUAL PROTECTION ANALYSIS

The Immigration Judge applied the equal protection analysis set forth in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976). He concluded that there was no rational reason for considering a fraud waiver for an individual excludable for document fraud under section 212(a)(6)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(i) (1994), while denying waiver consideration to an otherwise identically situated individual who had been subject to a civil fine under section 274C of the Act, 8 U.S.C. § 1324c (1994). The Immigration Judge reasoned that the Immigration and Naturalization Service decision to impose a section 274C fine on the individual was not related to the severity of the fraud and therefore could not be a rational basis for distinguishing between the two categories of otherwise identically situated individuals.

Consequently, the Immigration Judge concluded that the waiver under section 212(a)(6)(C)(ii) of the Act, for misrepresentation- based fraud, also should operate to waive inadmissibility under section 212(A)(6)(F) based

upon the same incident of document fraud. The Immigration Judge noted that his interpretation was consistent with the general remedial and humanitarian intent behind waiver provisions.

Under the Fourteenth Amendment to the United States Constitution and our ruling in *Matter of Silva, supra*, we must avoid interpretations that create disparate treatment unrelated to any legitimate governmental interest. This view recently has been reaffirmed by several courts. *See Po Shing Yeung v. INS*, 61 F.3d 833 (11th Cir. 1995), *modified*, 72 F.3d 843 (11th Cir. 1996); *Garberding v. INS*, 30 F.3d 1187 (9th Cir. 1994).

If this were, in fact, a matter of the Board's "interpretation," I would agree with the Immigration Judge. There is no apparent governmental interest in considering a waiver for an individual whose fraud has not been the subject of a section 274C fine proceeding, while declining to consider the case of an individual with fraud of a lesser or equal degree that happens to have been the subject of a section 274C fine.

The memorandum from the Immigration and Naturalization Service General Counsel Grover J. Rees, dated May 18, 1993, acknowledges the problems caused by the absence of a waiver for section 212(a)(6)(F) inadmissibility. That memorandum attempts to fashion a policy solution which should result in section 274C fine proceedings being pursued only after the alien's application for a waiver under section 212(i) had been considered and rejected by the Service. The failure of the Service to apply the General Counsel's memorandum to permit consideration of the waiver request in this case illustrates the practical shortcomings of such a policy.

## II. WHY EQUAL PROTECTION ANALYSIS IS INAPPLICABLE TO THIS CASE

If this were a matter of our authority to "interpret" the statute, the Immigration Judge's analysis would be persuasive. Unfortunately, however, we have nothing to "interpret" here.

The current version of section 212 of the Act systematically sets forth the waivers applicable to each subsection. The ground of inadmissibility described in section 212(a)(6)(C)(i) is specifically waivable by reason of section 212(i). There is no waiver for section 212(a)(6)(F) inadmissibility. Nothing brought to our attention by the parties in this case would lead to the conclusion that the omission of the waiver under section 212(a)(6)(F) was either inadvertent or unintended.

This case is different from *Matter of Silva, supra*. In *Silva*, the issue involved the extension of a longstanding Board interpretation that predated the enactment of the revised statutory provision in question. We found evidence that our interpretation had been considered and accepted by Congress in its subsequent comprehensive revision of the immigration laws. *See Matter of S-*, 6 I&N Dec. 392, 394-96 (BIA 1954; A.G. 1955). Therefore, in *Silva*,

there was a Board interpretation to evaluate under the equal protection analysis.

Here, in contrast, section 274C and section 212(a)(6)(C)(i) are completely new provisions added by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. The language is unambiguous, and there is no argument that Congress was endorsing and accepting a prior Board interpretation applying the misrepresentation waiver to inadmissibility resulting from a section 274C fine.

If we were to interpret the waiver under section 212(i) as applying to section 212(a)(6)(F) inadmissibility, we essentially would be holding that the failure of Congress to provide a waiver under the latter section is an unconstitutional denial of equal protection. Clearly, our authority to interpret the law does not extend that far. *See Matter of Patel,* 19 I&N Dec. 774, 787 (BIA 1988).

## III. CONCLUSION

For the foregoing reasons, I cannot adopt the Immigration Judge's reasoning in this particular situation. The resulting total bar to the exercise of discretion and the consideration of individual equities in cases such as this is troublesome. Perhaps our decision will spur legislative reexamination of the practical problems resulting from the implementation of section 274C. However, for the present, I must concur in the result reached by the majority in this case.

*CONCURRING OPINION:* Lory D. Rosenberg, Board Member, in which David B. Holmes and John W. Guendelsberger, Board Members, joined

I respectfully concur.

I conclude that the statute requires the reversal of the decision of the Immigration Judge in this case because, where the intent of Congress is clearly expressed in a law, that "is the end of the matter." *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). I write separately to add to the concurrence of Chairman Paul W. Schmidt, with whose legal analysis I agree, my concerns regarding the breadth of the provision in question and the severity in reality of the result it mandates.

Let us put a human face on the impact of this statute generally and in the case before us. The respondent, who is an applicant for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i)(1994), is the spouse of a lawfully admitted permanent resident and the beneficiary of an approved visa petition. She entered the United States from Bolivia in 1989 as a nonimmigrant visitor for pleasure and overstayed the period of her admission in that status. She is married and has two young United States citizen children who are toddlers. She resides with her husband and children in the United States. Her husband, who became a lawful

permanent resident through the "amnesty" program (which legalized the status of those persons present in the United States continuously since before January 1, 1982), petitioned for the respondent's classification as a beneficiary eligible to apply for permanent residence as early as March 1991.

The applicant admittedly worked without authorization while remaining in the United States and waiting for the priority date of her husband's petition on her behalf to become current. In April 1994, the Immigration and Naturalization Service initiated civil fine proceedings against the applicant under section 274C of the Act, 8 U.S.C. § 1324c (1994), on the basis of her having provided false documentation in connection with obtaining employment. Were it not for the final civil fine order under section 274C, the applicant otherwise would be admissible to the United States as an immigrant and would be able to continue to reside with her family and raise her children as a contributing member of our society. However, a section 274C final order for civil document fraud gives rise to a charge of excludability under section 212(a)(6)(F) of the Act, 8 U.S.C. § 1182(a)(6)(F)(1994). As it is, she not only is deportable, but is inadmissible as an immigrant, and cannot obtain lawful permanent resident status either through adjustment of status or through consular visa processing abroad.

The statute provides a legal response to certain forms of document fraud, not only by imposing civil fines, but then by permanently deporting and excluding violators without exception. The reach of the statute is extremely broad and encompassing; it sanctions not only major counterfeiters, dealers, and purveyors of fraudulent documents, but holders or users. It is fair to say that the thrust of the civil document fraud section of the statute is intended to secure the integrity of our legal immigration system by deterring and penalizing fraud and misuse of documents. Yet its violation is inexorably linked to permanent removal and expulsion. Given the cause and effect relationship between civil document fraud and permanent expulsion, it is curious and indeed unfortunate that, in a statutory scheme replete with the delegation of discretion to the Attorney General, there is none so delegated here.

I am troubled by the apparent inconsistency of this provision as compared to both longstanding and concurrent statutory provisions which allow either blanket or discretionary exceptions in individual cases involving comparable conduct. We do not absolutely separate families, nor do we forever bar from joining their families, those who have transgressed by accepting unauthorized employment, overstaying temporary admission periods, or engaging in violation of other provisions of the Act. Indeed, Congress has carved out statutory exceptions and waivers to overcome these impediments to attaining lawful status.

These provisions not only do not bar absolutely the immigration of persons who have engaged in unauthorized employment, but disregard such conduct as a bar to adjustment of status in the United States. For example, the statute contains a provision that "forgives" unauthorized employment for

applicants who are married to United States citizens. *See* section 245(a) of the Act. Congress thus contemplated that adjustment applicants might have engaged in unauthorized employment and explicitly chose not to penalize at all those married to United States citizens for such a transgression. Further, Congress then enacted a provision which allows those applicants who worked without authorization and are not married to United States citizen but to lawful permanent residents, as in this case, to apply for adjustment of status notwithstanding their employment related transgression. *See* section 245(i) of the Act.

The result in this case, denial of adjustment of status and deportation, is attributable to the fact that this applicant obtained employment from a private employer, ironically, *not* an immigration benefit. In other instances the result could depend only upon the particular charge lodged by the Service. This outcome stands in stark contrast to the treatment of other applicants for admission who have engaged in immigration-related fraud. In particular it is a departure from the treatment of those charged with violations of section 212(a)(6)(C), in which a waiver is available under section 212(i) for acts which, if not identical, may be of comparable degree. The majority explains this by suggesting that Congress may have believed oral misrepresentations to be of less consequence than violations related to documents. Whether or not that is the case, we may never know. In any event, that does not resolve the apparent disparity in the treatment of those subject to civil document fraud orders, because section 212(a)(6)(C) also includes documents.

We do know that by precluding an alien from access to relief from the consequences of exclusion and deportation indiscriminately, without even examining the nature of the fraud constituting the basis for the violation, we may unknowingly exclude or deport otherwise admissible persons who, had they been charged under subsection (C) instead of (F), would be deserving of a discretionary consideration. This counteracts one of the most basic purposes of the Act - family unity. Individual use of a fraudulent document to obtain employment enabling a parent to feed, clothe and house her United States citizen children, in my view, is quite distinct from widespread production or distribution of fraudulent documentation for a third party's profit, which frustrates enforcement and enables flaunting of the immigration laws. Nonetheless, the statute provides no such process for examination or differentiation of the nature of the document fraud involved, offers no waiver, and mandates denial.

While I would find the result is harsh and difficult to reconcile with the remainder of the existing statutory scheme, neither evidence nor argument has been presented which would require the conclusion that it is irrational, absurd, or does not "give effect to the unambiguously expressed intent of Congress." *Chevron v. Natural Resources Defense Council, Inc., supra,* at 843. Under these circumstances, I have no choice, notwithstanding my concerns, but to concur.