11-1123-ag
Crocock v. Holder

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: February 9, 2012    Decided: February 23, 2012)

Docket No. 11-1123-ag

ANTHONY GERARD CROCOCK,

*Petitioner*,

-v.-

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

Before:    Wesley, Lohier, *Circuit Judges*, Mauskopf, *District Judge*.[1]

Petitioner seeks review of an order of the Board of Immigration Appeals finding him ineligible for adjustment of status due to his inadmissability under section 212(a)(6)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1182 (a)(6)(C)(ii), for falsely representing himself to be a United States citizen. Petitioner did not meet his burden of demonstrating that he did not represent himself to be a United States citizen when he checked the "citizen or national" box on an I-9 Employment Eligibility Verification Form. Accordingly, we deny the petition for review.

**DENIED.**

---

[1]Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

JAMES E. SWAINE, Law Offices of James E. Swaine, Hamden, CT, *for Petitioner*.

BROOKE M. MAURER, Attorney, Office of Immigration Litigation, Civil Division (Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, *on the brief*), for Eric H. Holder, Jr., United States Attorney General, Washington, D.C., *for Respondent*.

PER CURIAM:

Petitioner Anthony Gerard Crocock petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") determination that Crocock was ineligible for adjustment of status. The IJ determined that Crocock failed to meet his burden of demonstrating that he was not inadmissible under Immigration and Nationality Act ("INA") § 212(a)(6)(C)(ii), 8 U.S.C. § 1182 (a)(6)(C)(ii), for falsely representing himself as a United States citizen for the purpose of any benefit under the INA. Crocock had checked the box on an I-9 Employment Eligibility Form ("I-9") indicating that he was a "citizen or national" of the United States when he applied for a job. Crocock argues that he checked the "citizen or national" box on the I-9 with the intent of claiming nationality and that due to the ambiguity of the statement, the I-9 alone is

2

insufficient to establish his inadmissibility.  Because it is Crocock's burden to demonstrate that he is not inadmissible under 8 U.S.C. § 1255(a), we find no error in the agency's determination and deny the petition for review.

## Background

In January 2004, Crocock, a native and citizen of Ireland, entered the United States on a non-immigrant student visa to complete a paramedic certification program. Following completion of his paramedic course and training and the subsequent expiration of his student visa and work authorization, Crocock applied for and, in October 2004, obtained a position with the fire department in Saco, Maine. In order to obtain this position, Crocock completed an I-9 attesting to his employment eligibility by checking the box on the form labeled "citizen or national."  In April 2006, based on a tip from a confidential informant, Crocock was charged by the Department of Homeland Security with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond the authorized period and under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), as an alien who falsely represented himself to be a citizen of the United States for any purpose or benefit under the INA.  Shortly thereafter, Crocock pled

3

guilty in the United States District Court for the District of Maine to making a false attestation on an Employment Verification System Form in violation of 18 U.S.C. § 1546(a) and (b), and was subsequently charged with an additional ground of removability under 8 U.S.C. § 1227(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude. Before the IJ, Crocock conceded that he was removable for remaining in the United States beyond the authorized period, and he applied for adjustment of status based on his June 2006 marriage to a United States citizen.

In November 2008, the IJ found Crocock removable based on his overstay and his conviction under 18 U.S.C. § 1546, which the IJ determined to be a crime involving moral turpitude. The IJ further found that Crocock was ineligible for an adjustment of status because he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) as an alien who falsely represented himself to be a citizen of the United States. The IJ found that Crocock had not demonstrated that he was admissible because, although Crocock claimed to have believed that he was a "national" when he checked the box on the I-9, Crocock had admitted to an immigration officer that he had falsely claimed to be a United States citizen, offered confusing testimony as to whether he believed he was

4

a national of the United States, and pled guilty to making a false attestation on the I-9. Crocock appealed the IJ's decision to the BIA, which affirmed the IJ's decision in February 2011 and dismissed Crocock's appeal.

Crocock now argues that the I-9 is ambiguous as to whether an individual who checks the "citizen or national" box makes a representation of citizenship, and argues that he claimed, falsely or otherwise, to be a national and not a United States citizen on the I-9. He concludes that he is admissible to the United States and eligible for adjustment of status because 8 U.S.C. § 1182(a)(6)(C)(ii) applies only to false claims of United States citizenship.[2]

**Discussion**

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although we lack jurisdiction to review a discretionary denial of adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Ruiz v. Mukasey*, 552 F.3d 269, 275 n.4 (2d Cir. 2009), we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, including whether an

---

[2]Crocock does not contest that his representation, made in order to obtain employment, was for a purpose or benefit under the INA.

alien is eligible for adjustment of status, *Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008) (per curiam). We review such claims *de novo*. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

To qualify for adjustment of status, an alien must demonstrate that he is "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a)(2). Because applicants for adjustment of status are "assimilated to the position" of aliens seeking entry into this country, *Drax v. Reno*, 338 F.3d 98, 113 (2d Cir. 2003) (internal quotation marks omitted), such aliens must show that they are "clearly and beyond doubt" entitled to be admitted, *see Ibragimov v. Gonzales*, 476 F.3d 125, 131 (2d Cir. 2007).[3]

As Crocock sought relief from removal in the form of adjustment of status, he was required to demonstrate that he did not falsely represent himself to be a U.S. citizen. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I) ("Any alien who falsely

_____

[3]Crocock contends that this "clearly and beyond doubt" standard is too harsh, as evidenced by the fact that the BIA indicated that it was applying a preponderance of the evidence standard. The BIA concluded, however, that Crocock failed to show that he clearly and beyond a doubt was admissible because he did not demonstrate by a preponderance of the evidence that he had not held himself out to be a citizen, and there is no indication that the IJ applied a different standard. To the extent Crocock challenges the application of the "clearly and beyond a doubt" standard, he appears to confuse the substantive standard for establishing admissibility with the evidentiary burden required to demonstrate that he has satisfied the applicable substantive criteria.

represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit . . . is inadmissible."). Crocock argues that his attestation to being a "citizen or national" on the I-9 is alone insufficient to establish his inadmissibility because he checked the box while claiming to be a national, which is not a ground of inadmissibility. Crocock correctly argues that a false claim of nationality, made either intentionally or mistakenly, does not render an alien inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). However, the burden of demonstrating admissibility is squarely on Appellant. *See Ibragimov*, 476 F.3d at 131. Here, Crocock was required to prove a negative—that he did not falsely claim United States citizenship.

We find no error in the agency's determination that he failed to meet his burden. Because the I-9 shows that Crocock claimed to be a citizen or national, he had the burden of showing that he claimed to be a national, not a citizen. Crocock points to no evidence beyond his testimony to demonstrate that he thought he was a national when completing the I-9. Furthermore, his assertion that he was claiming to be a national at the time he completed the I-9 is undermined by his later admission before the IJ that he

did not believe himself to be a national, as well as his prior statement to an immigration officer in which he characterized himself as a United States citizen in order to obtain his "dream job."  Ultimately, because Crocock bears the burden of demonstrating that he did not falsely claim to be a United States citizen and because he points to no additional evidence supporting his claim that he believed he was a U.S. national, we find no error in the agency's conclusion that Crocock failed to carry his burden of establishing admissibility.  *See Ateka v. Ashcroft*, 384 F.3d 954, 958 (8th Cir. 2004).

## Conclusion

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, the stay of removal previously granted is **VACATED.**

8