# Matter of Ezra Kibichii BETT, Respondent

*Decided October 30, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A Form I-9 (Employment Eligibility Verification) is admissible in immigration proceedings to support charges of removability against an alien and to determine his or her eligibility for relief from removal.

FOR RESPONDENT: J. Bradley Pace, Esquire, Mission, Kansas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kimberlee L. Moore, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE and MANN, Board Members; LIEBOWITZ, Temporary Board Member.

LIEBOWITZ, Temporary Board Member:

In a decision dated May 9, 2012, an Immigration Judge found the respondent removable on his own admissions and denied his application for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2012), because he did not establish that he was admissible to the United States. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Kenya who was admitted to the United States on August 20, 2008, as a nonimmigrant student. On December 3, 2009, the Department of Homeland Security ("DHS") issued a notice to appear charging him with removability under section 237(a)(1)(C)(i) of the Act, 8 U.S.C. § 1227(a)(1)(C)(i) (2006), as an alien admitted as a nonimmigrant who failed to maintain or comply with the conditions of his status.

In a hearing before the Immigration Judge, the respondent applied for adjustment of status as the beneficiary of a visa petition filed on his behalf by his United States citizen spouse, which was approved on May 31, 2011. The DHS asserted that the respondent was not eligible to adjust his status because he was inadmissible as an alien who falsely represented himself to

be a United States citizen under section 212(a)(6)(C)(ii)(I) of the Act, 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2012), which provides as follows:

> Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act (*including section 274A*) or any other Federal or State law is inadmissible.

(Emphasis added.)[1]

The record includes evidence that the respondent filed a Form I-9 (Employment Eligibility Verification) with two different employers on October 9, 2009, and October 27, 2009.  On each form, a box is checked signifying that the applicant is a United States citizen.[2]  The respondent acknowledged that the signature on both forms resembled his own. However, he testified that he was "not sure" if he had completed them, stating "I don't remember filling out those forms."  He was also unsure whether he had checked the citizenship box on both forms, stating, "I don't remember what I checked in [the] file."  When further questioned, he reiterated that he did not remember checking the citizenship box on the forms but testified, "I don't think I did."

The record also contains proof that in November 2008, the respondent received a social security card with the restriction that it was "VALID FOR WORK ONLY WITH DHS AUTHORIZATION."  However, the record also contains copies of social security cards bearing the respondent's name that had been provided to his two employers.  Neither card contained the restrictive language regarding work authorization.  When asked about these cards, the respondent replied that he "did not know" how the employers had received them.  The respondent testified that he received work authorization in July 2011 but admitted that he had worked before that time.

The Immigration Judge found that the respondent did not present credible testimony, citing section 240(c)(4)(C) of the Act, 8 U.S.C. § 1229a(c)(4)(C) (2012).  He found the "most glaring" problem to be the respondent's testimony regarding the I-9 forms he submitted to his former employers.  The Immigration Judge noted that although the respondent acknowledged that he applied for a job at each company and that it looked like his signature appeared on both forms, he could not recall checking the

---

[1]   Section 212(a)(6)(C)(ii)(II) of the Act sets forth an exception to this provision. Neither party has alleged that this exception applies in this case.

[2]   In 2008, the DHS amended the Form I-9 to provide separate boxes so that an applicant must clearly identify whether he or she attests to be a citizen of the United States, a noncitizen national, a lawful permanent resident, or an alien authorized to work for a period of time.  *See* Documents Acceptable for Employment Eligibility Verification, 73 Fed. Reg. 76,505, 76,508 (interim rule Dec. 17, 2008) (Supplementary Information).

box on the forms signifying that he was a United States citizen. The Immigration Judge found that the direct and circumstantial evidence of record established that the respondent did, in fact, fill out the forms and that he selectively withheld this information at the hearing.

In addition, the Immigration Judge found the respondent's testimony about the social security cards unconvincing because he could not explain how his employers received copies of the cards, which had apparently been altered. The Immigration Judge also considered the respondent's unresponsiveness when asked why he had a Missouri driver's license after he had testified that he lived with his wife in Kansas. Moreover, the Immigration Judge found that the respondent had answered other questions in a nonresponsive and tentative manner, sometimes deliberating for several moments while contemplating answers to simple "yes" or "no" questions.

In light of his adverse credibility finding, the Immigration Judge determined that the respondent did not establish that he was not inadmissible under section 212(a)(6)(C)(ii)(I) of the Act. Further, the Immigration Judge found that even if the respondent's testimony was credible on these matters, his uncertain testimony would not suffice to resolve other critical issues regarding his admissibility. The Immigration Judge therefore concluded that the respondent could not establish eligibility for adjustment of status. Regarding the respondent's request for voluntary departure under section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2012), the Immigration Judge found that the respondent was ineligible for that relief because he lacked good moral character on account of his false testimony. Alternatively, the Immigration Judge determined that the respondent did not merit a favorable exercise of discretion.

On appeal, the respondent challenges the adverse credibility determination and argues that he met his burden of establishing eligibility for adjustment of status. According to the respondent, the Immigration Judge made the erroneous assumption that he must have checked the citizenship box on the I-9 forms because only he would benefit from a claim that he was a United States citizen. The respondent argues that employers might also be motivated to check the citizenship box on an applicant's behalf because it would allow them to procure workers.

In addition, the respondent claims that the Immigration Judge should have examined other documents generated by the employers besides the I-9 forms. He also challenges the Immigration Judge's reliance on the other documentary evidence in the record, including the social security cards. Finally, in a supplemental brief filed during the pendency of the appeal, the respondent asserts that intervening case law supports the argument that a Form I-9 should not be admitted as evidence in a removal proceeding.

## II.  ANALYSIS

To be eligible for adjustment of status, an applicant has the burden to show that he is clearly and beyond doubt entitled to be admitted to the United States and is not inadmissible under section 212(a) of the Act. *See* sections 240(c)(2)(A), (4), 245(a) of the Act; *Hashmi v. Mukasey*, 533 F.3d 700, 702 (8th Cir. 2008) (citing *Kirong v. Mukasey*, 529 F.3d 800, 803–04 (8th Cir. 2008)); 8 C.F.R. § 1240.8(d) (2014); *see also Crocock v. Holder*, 670 F.3d 400, 403 (2d Cir. 2012) (per curiam).  Specifically, in this case, the respondent was required to prove clearly and beyond doubt that he did not falsely represent himself "to be a citizen of the United States for any purpose or benefit under this Act (including section 274A)." Section 212(a)(6)(C)(ii)(I) of the Act; *see also Crocock v. Holder*, 670 F.3d at 403 (explaining that the applicant for adjustment of status "was required to prove a negative," namely, that he did not falsely claim United States citizenship when he checked the box that indicated he was a citizen or national).

It is well established that an alien who represents himself as a citizen on a Form I-9 to secure employment with a private employer has falsely represented himself for a purpose or benefit under the Act.  *Hashmi v. Mukasey*, 533 F.3d at 703 (citing *Rodriguez v. Mukasey*, 519 F.3d 773, 777 (8th Cir. 2008)); *see also Castro v. Att'y Gen. of U.S.*, 671 F.3d 356, 369 & n.9 (3d Cir. 2012); *Ferrans v. Holder*, 612 F.3d 528, 533 (6th Cir. 2010); *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).

### A.  Admissibility of a Form I-9 in Removal Proceedings

The respondent asserts that a Form I-9 is not admissible as evidence in a removal proceeding.  The United States Court of Appeals for the Eighth Circuit, in whose jurisdiction this case arises, has recently addressed this issue.  *Downs v. Holder*, 758 F.3d 994 (8th Cir. 2014).  The petitioner in *Downs* sought to suppress various documents from evidence, including two I-9 forms in which she had indicated that she was a citizen or national of the United States.  The Immigration Judge denied the motion to suppress and the Board affirmed that decision.

Before the court, the petitioner argued that the plain language of section 274A(b)(5) of the Act, 8 U.S.C. § 1324a(b)(5) (2012), which is entitled "Limitation on Use of Attestation Form," prohibited the admission of a Form I-9 in removal proceedings.  Section 274A(b)(5) provides in its entirety as follows:

> A form designated or established by the Attorney General under this subsection and any information contained in or appended to such form, may not be used for

purposes other than for *enforcement of this Act* and sections 1001, 1028, 1546, and 1621 of title 18, United States Code.[3]

(Emphasis added.)

According to the petitioner, the phrase "enforcement of this Act" refers to enforcement of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, § 101(a)(1), 100 Stat. 3359, 3360, 3363 ("IRCA"), which added section 274A(b)(5) to the Act. However, the Eighth Circuit held that because section 274A(b)(5) is a section of the Act, the "plain and unambiguous meaning of the reference to 'the Act' is to the [Immigration and Nationality Act]."[4] *Downs v. Holder*, 758 F.3d at 997. The court therefore concluded that since a removal proceeding regarding a false claim to citizenship is clearly a proceeding to enforce the Act, section 274A(b)(5) "allows the admission of I-9 forms into evidence in removal proceedings." *Id.* at 998. The Eighth Circuit's decision is binding in the respondent's case. *See Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012).

In any case, we agree with the court's reasoning that the plain meaning and unambiguous text of section 274A(b)(5) of the Act permits the use of a Form I-9 as evidence in immigration proceedings. We are therefore unpersuaded by the respondent's argument that the legislative history of the IRCA indicates that Congress intended otherwise. *See Downs v. Holder*, 758 F.3d at 997 (explaining that "[a]lthough the legislative history of the IRCA is informative, it does not override the plain meaning of the unambiguous text of the [Act]" (citing *Chamber of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968, 1980 (2011))); *see also Matter of Briones*, 24 I&N Dec. 355, 361 (BIA 2007) (holding that the "touchstone [of statutory interpretation] is the plain language of the statute" and that the Board rarely looks "past the unambiguous meaning of statutory language").

---

[3] Section 274A of the Act addresses the "Unlawful Employment of Aliens." The Form I-9 was created to comply with that section, which mandated that an "individual must attest, under penalty of perjury on the form designated or established for purposes of paragraph (1), that the individual is a citizen or national of the United States, an alien lawfully admitted for permanent residence, or an alien who is authorized under this Act or by the Attorney General to be hired, recruited, or referred for such employment." Section 274A(b)(2) of the Act; *see also* 8 C.F.R. § 274a.2(a) (1988) (stating that the Form I-9 was designated as the form to be used in complying with the requirements of the statute).

[4] The court noted that the text of published versions of section 274A(b)(5) of the Act varies. *Downs v. Holder*, 758 F.3d at 997 n.3. The original provision in the IRCA states that a Form I-9 "may not be used for purposes other than for enforcement of this Act," but the version in the United States Code substitutes the word "chapter" for "Act." The court stated that this did not affect its analysis. *Id.* We agree.

Moreover, we find other support for our reading of the statute, most notably in section 212(a)(6)(C)(ii)(I) of the Act. This provision explicitly encompasses violations of section 274A within the inadmissibility grounds, and the Form I-9 is a specific creation of that section. *See supra* note 3. Furthermore, an identical reference to section 274A is included in section 237(a)(3)(D)(i) of the Act, which makes a false claim to citizenship a ground for deportation.

In his supplemental brief on appeal, the respondent asserts that recent case law calls into question whether a Form I-9 is admissible as evidence to prove that an alien is inadmissible. He cites to several cases, including *Arizona v. United States*, 132 S. Ct. 2492 (2012), and *Lozano v. City of Hazleton*, 724 F.3d 297 (3d Cir. 2013). These cases address the degree to which Federal immigration law preempts various State or local provisions that pertain to the treatment of aliens who are not authorized to work or live in the United States.[5] *See generally Chamber of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968; *Keller v. City of Fremont*, 719 F.3d 931 (8th Cir. 2013).

The petitioner in *Downs* raised a similar argument. The Eighth Circuit responded as follows:

> *Arizona* and *Whiting* were cases concerning federal preemption of state statutes and the use of an I-9 form in a removal proceeding was not an issue raised in either case. As such, the decisions do not constitute binding precedent on this issue which would overrule the plain meaning of the text of [section] 274A(b)(5).

*Downs v. Holder*, 758 F.3d at 997. Since the respondent's case is governed by the Eighth Circuit's decision, his argument that a Form I-9 cannot be used as evidence in removal proceedings is unavailing.

We agree with the Eighth Circuit's rationale in *Downs* and will continue to accept the admissibility of I-9 forms as evidence in removal proceedings nationwide. The Form I-9 has long been recognized as an admissible document in immigration proceedings, and numerous Federal cases have held that the form may be used to support charges of removability against an alien and to determine his or her eligibility for relief from removal.

---

[5] The respondent cites to a statement of the Supreme Court that "Congress has made clear, however, that any information employees submit to indicate their work status 'may not be used' for purposes other than prosecution under specified federal criminal statutes for fraud, perjury, and related conduct." *Arizona v. United States*, 132 S. Ct. at 2504 (quoting sections 247A(b)(5), (d)(2)(F) of the Act). However, section 274A(b)(5) was not relevant to the Court's discussion in *Arizona*, and it did not quote the entire section, which includes the language regarding enforcement of the Act.

*See, e.g., Castro v. Att'y Gen. of U.S.*, 671 F.3d at 369 & n.9; *Crocock v. Holder*, 670 F.3d at 403; *Ferrans v. Holder*, 612 F.3d at 533; *Hashmi v. Mukasey*, 533 F.3d at 703; *Kechkar v. Gonzales*, 500 F.3d at 1084; *Ateka v. Ashcroft*, 384 F.3d 954 (8th Cir. 2004); *see also Matter of Guadarrama*, 24 I&N Dec. 625 (BIA 2008); *Matter of Lazarte*, 21 I&N Dec. 214 (BIA 1996). We discern no change of law that would now preclude the use of the form in removal proceedings.

### B. False Claim to United States Citizenship

The Immigration Judge's adverse credibility determination is not clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i) (2014); *see also Matter of R-S-H-*, 23 I&N Dec. 629, 637 (BIA 2003) (discussing the deferential nature of clear error review). In reaching his conclusion, the Immigration Judge properly considered the totality of the circumstances and relied on direct and circumstantial evidence, including the two I-9 forms with the respondent's signature, the unexplained discrepant social security cards, the respondent's equivocal testimony, and his demeanor. *See* section 240(c)(4)(C) of the Act. Although the respondent argued that he could not recall checking the citizenship box on either form, the Immigration Judge was not required to accept his version of events. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011) (explaining that an Immigration Judge is not required to accept a respondent's assertions, even if plausible, where there are other permissible views of the evidence based on the record); *see also Matter of Y-L-*, 24 I&N Dec. 151, 159 (BIA 2007) (stating that an alien's intent is a factual finding, which is reviewed for clear error).

The I-9 forms in evidence, which were completed and submitted to two different employers several weeks apart, bear similar handwriting and signatures. Significantly, the respondent never offered an explanation that satisfied the Immigration Judge regarding the signatures on the forms, which he conceded resembled his own signature. Also, the respondent did not satisfactorily explain why both employers would have copies of a social security card that did not contain the employment limitation found on a card that he acknowledges is his. While altered social security cards are not evidence of a false claim to citizenship, the presence of these cards in the files of two separate employers supports the Immigration Judge's adverse credibility finding.

The respondent suggests that the DHS should have presented evidence to show who, in fact, completed the I-9 forms in question, including providing more evidence from the respondent's employers. However, the respondent bears the burden of proof to show that he did not make a false claim to citizenship and that he is clearly and beyond doubt admissible

under section 212(a)(6)(C)(ii) of the Act. *See* sections 240(c)(2)(A), (4), 245(a) of the Act; 8 C.F.R. § 1240.8(d). He must therefore present documents or other evidence to support his position and cannot shift the burden to the DHS by suggesting the evidence that it could have sought to obtain or that the Immigration Judge should have required.

As the trier of fact, the Immigration Judge had ample support in the record for his finding that the respondent made a false claim to citizenship and is therefore inadmissible under section 212(a)(6)(C)(ii) of the Act. We agree with his determination that the respondent did not establish his eligibility for relief from removal. 8 C.F.R. § 1003.1(d)(3)(ii).

## III. CONCLUSION

The Immigration Judge properly relied on the I-9 forms to find that the respondent made a false claim to United States citizenship. Consequently, the respondent has not clearly and beyond doubt demonstrated that he is admissible to the United States and therefore cannot establish eligibility for adjustment of status. Furthermore, given the respondent's lack of credibility at his hearing concerning the completion of the I-9 forms and the Immigration Judge's other findings regarding the forms, we agree that the respondent's request for voluntary departure should be denied in the exercise of discretion. *See* section 240B(b) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.