Cohen v. Lynch
BIA
Montante, IJ
A072 584 817

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

ROGER COHEN,
> *Petitioner,*

v.                                                    15-1600

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jeffrey A. Devore, Devore Law Group, P.A., Palm Beach Gardens, Florida.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roger Cohen, a native of Egypt and citizen of Canada, seeks review of an April 14, 2015, decision of the BIA affirming a June 28, 2013, decision of an Immigration Judge ("IJ") ordering Cohen removed to Canada. *In re Roger Cohen,* No. A072 584 817 (B.I.A. Apr. 14, 2015), *aff'g* No. A072 584 817 (Immig. Ct. Buffalo June 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reiterate only as necessary to explain our views of this case.

We review the IJ's opinion as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's factual findings under the substantial evidence standard, upholding those findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law and the agency's application of law to undisputed fact. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien in removal proceedings who seeks admission bears the burden of establishing that he "is clearly and beyond doubt entitled to be admitted and is not inadmissible under" 8 U.S.C.

§ 1182. 8 U.S.C. § 1229a(c)(2)(A). An "alien seeking admission at a . . . port of entry must present whatever documents are required and must establish to the satisfaction of the inspecting officer, that [the alien] is . . . entitled . . . to enter the United States." 8 C.F.R. § 235.1(f)(1). "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . a visa, other documentation, or admission into the United States or other benefit provided [by the INA] is inadmissible." 8 U.S.C. § 1182(a)(6)(c)(i).

It is abundantly clear that this case stems from an unfortunate incident prompted by Mr. Cohen's attempted use of a copy, rather than the original, of Form I-185, a Non-Resident Alien Canadian Border Crossing Card. This attempted use may seem a trivial matter to the untutored eye. In the immigration context, however, seemingly trivial missteps can have serious consequences which may well be beyond the alien's contemplation and which may seem disproportionate to the offense.

There is no question, based on the record in this case, that the form at issue here, whether it was an original or a copy of the original, accurately reflected information that was also contained in the files of the Department of Homeland Security, to wit: that Mr. Cohen had permission to enter the

3

United States notwithstanding a prior conviction.[1]

Mr. Cohen approached the Lewiston Bridge Port of Entry and presented the copy of Form I-185. At that point, he claimed he was presenting the original I-185. As a result, he was placed in removal proceedings for making a willful misrepresentation to procure admission.

Petitioner's first argument is that he was not seeking "to procure . . . a visa, other documentation, or admission into the United States or other benefit provided [by the INA]." 8 U.S.C. § 1182(a)(6)(C)(i). Instead, he was merely seeking information as to how to replace his stolen I-185. Mr. Cohen, however, presented no evidence, other than his own testimony, to show that he was not seeking admission. Moreover, the IJ found his testimony not to be credible and instead credited the testimony of Border Patrol Officer Matthew Sundlov that Mr. Cohen had sought admission to the United States using a copy of a Form I-185. There is no evidence in the record that compels the conclusion that the IJ's credibility finding was erroneous. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 333-34 (2d Cir. 2006). Officer Sundlov testified

---

[1] It is not clear from the record why Mr. Cohen no longer had the original Form I-185 that had been issued to him, but it appears he had either lost it or it was stolen from his boat. There is no indication in the record of these proceedings, however, that the copy was anything other than a duplicate of his original Form I-185, which, if presented by Mr. Cohen, entitled him to entry into the United States.

4

in accord with the Record of Deportable/Inadmissible Alien, the I-213, that Mr. Cohen admitted he would have continued using the copy of the I-185 if he had successfully gained admission. "Form I-213 [is a record] made by public officials in the ordinary course of their duties, and accordingly evidence[s] strong indicia of reliability." *Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir. 1996).

Moreover, an IJ is not required to credit an alien's explanations for inconsistencies unless a reasonable fact finder would be compelled to credit the explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Here, Mr. Cohen's explanation that he was merely seeking information is belied by the I-213, Sundlov's testimony, and an internal Border Patrol memorandum stating that Mr. Cohen tried to pass off the copy as an original until confronted with evidence that Border Patrol agents knew the I-185 was a copy. The IJ's conclusion is further supported by evidence that Mr. Cohen had previously sought information on how to replace his I-185 in 2010, and that he had previously been provided a form and instructions on how to obtain a replacement. Given these facts, the IJ reasonably concluded that it was implausible that Mr. Cohen would travel to the border to seek the same information again.

Mr. Cohen's second argument is that, assuming *arguendo* he misrepresented that the I-185 was an original, his

5

misrepresentation is immaterial for two reasons.  First, he had a valid waiver of inadmissibility; any misrepresentation, therefore, had no effect on his admissibility.  Second, Border Patrol was not deceived by the copy; the misrepresentation thus did not materially affect a decision as to his admissibility.  A "misrepresentation is material if it 'has a natural tendency to influence or was capable of influencing, the decision of the decisionmaking body to which it was addressed.'"  *Monter v. Gonzales*, 430 F.3d 546, 553 (2d Cir. 2005) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).  Although it is true that Mr. Cohen had a valid waiver of inadmissibility, an alien seeking admission must still possess a valid entry document. 8 U.S.C. § 1182(a)(7)(B)(i)(II).  Here, he presented a copy of Form I-185 but claimed that it was the original.  We have never held that a misrepresentation can be immaterial because it did not, in fact, deceive the relevant decision maker.  We decline to do so now.  Moreover, submission of a misleading entry document certainly had a "natural tendency to influence" Border Patrol agents in their determination as to whether Mr. Cohen was in possession of a valid entry document, as required for admission.  *Monter*, 430 F.3d at 553.

Ultimately, Mr. Cohen bore the burden of establishing that he was admissible to the United States.  8 U.S.C. § 1229a(c)(2)(A).  Considering his acknowledgement that he used a

copy of the I-185 and the evidence in the record from multiple sources showing that he tried to pass off the I-185 as genuine, we cannot find error in the IJ's conclusion that Mr. Cohen failed to meet his burden of showing admissibility. *See Crocock v. Holder*, 670 F.3d 400, 403 (2d Cir. 2012) (holding that, where alien presents no evidence other than his own testimony disputing claim that he did not intend to deceive immigration authorities, there is no error in concluding alien failed to meet burden of showing admissibility).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7