# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

EVERLINE GESARE NYABWARI,

                    Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 208

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Everline Gesare Nyabwari petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her time-barred and numbers-barred motion to reopen based on alleged ineffective assistance of counsel. Nyabwari contended that prior counsel was ineffective for failing to challenge the admissibility of I-9 forms in her removal proceedings. The BIA denied Nyabwari's motion to reopen based on its decision in *Matter of Bett*, 26 I&N

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dec. 437 (BIA 2014), in which the BIA held that I-9 forms are admissible in immigration proceedings to determine an alien's eligibility for relief from removal.

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The ruling will stand even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304.

Under this court's "highly deferential abuse-of-discretion standard," Nyabwari has not shown that the BIA abused its discretion in denying her motion to reopen based on ineffective assistance of counsel. *See id.* at 303–04. The decision in *Matter of Bett*, 26 I. & N. Dec. at 440–43, undermines any argument that Nyabwari was substantially prejudiced by counsel's failure to challenge the admissibility of the I-9 forms on appeal, and it indicates that counsel was not deficient for pursuing a futile line of argument. We discern no abuse of discretion given the BIA's established position that I-9 forms are admissible in removal proceedings to determine eligibility for relief from removal.

Nyabwari's petition for review is DENIED.