NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON DENNIS ARRIAZA-PACHECO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-72133 Agency No. A200-244-537 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

Petitioner, Byron D. Arriaza-Pacheco, seeks review of the Board of

Immigration Appeals' (BIA) decision, which affirmed the Immigration Judge's

denial of withholding of removal. We grant the petition and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction to review under 8 U.S.C. § 1252(a). The BIA's determination that the Petitioner is not eligible for removal is reviewed under the substantial evidence standard. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Questions of law are reviewed de novo. *See Pirir–Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1.     Petitioners must exhaust administrative remedies before seeking judicial review. *Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008). The key question is whether the BIA has had "an adequate opportunity to pass on the issue." *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 960 (9th Cir. 2018). Here, the BIA had prior opportunity to address both Arriaza-Pacheco's CAT claim and his claim that the government of Guatemala is unwilling or unable to protect him, which were both raised in his initial appeal. The BIA rejected Arriaza-Pacheco's arguments on both issues, and this court's remand did not encompass them. The petitioner had no obligation to relitigate before the BIA issues the agency had already decided. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). The exhaustion requirement was therefore satisfied for both claims.

2.     Family is "the quintessential particular social group." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). The group identified by Arriaza-Pacheco includes only his grandparents' descendants (his sister, cousin, aunt, uncles and himself), and is easily defined with sufficient particularity to create a cognizable

social group. *See Rios v. Lynch*, 807 F.3d 1123, 1127-28 (9th Cir. 2015). The BIA's determination that Arriaza-Pacheco's social group was not cognizable because it was insufficiently specific was not supported by substantial evidence.

**3.** An applicant for withholding can establish a rebuttable presumption of eligibility for relief through a showing of past persecution. 8 C.F.R. § 1208.16(b)(1)(i). Although the petitioner must show a "clear probability" of future persecution should he be deported to his home country, *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010), "past persecution gives rise to a presumption of a sufficient likelihood of future persecution" in an application to withhold removal, *Ming Dai v. Sessions*, 884 F.3d 858, 874 (9th Cir. 2018). To rebut the presumption, the government must show "a fundamental change in circumstances" or show "the applicant could reasonably relocate within the country of that person's nationality." *Mousa v. Mukasey*, 530 F.3d 1025, 1030 (9th Cir. 2008) (citing 8 C.F.R. § 1208.16(b)(1). Arriaza-Pacheco seeks to establish a fear of future persecution by proving past persecution on account of his cognizable social group, his family membership, as described above.

It is not clear that the BIA, in rejecting Arriaza-Pacheco's past persecution showing, considered all of the evidence, including Arriaza-Pacheco's testimony as to his kidnapping and other circumstantial evidence in the record, such as the shooting of his sister's home and the shooting of his aunt. Therefore, we remand for

19-72133

reconsideration on the following issues: (1) whether Arriaza-Pacheco experienced past persecution; and (2) whether a sufficient nexus exists between the harm feared by the petitioner and a protected ground. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1107-8 (9th Cir. 2015).

We grant the petition on the issues of exhaustion and cognizable social group and remand to the BIA to make a determination on the whether Arriaza-Pacheco experienced past persecution, including whether the Guatemalan government was unable or unwilling to prevent any past persecution and, if so, to apply the resulting presumption of future persecution to determine whether Arriaza-Pacheco is eligible for withholding of removal.

**GRANTED AND REMANDED.**