NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERMINE J. G. OUWENEEL; CORNELIA JOHANNA GERDIEN BAKSTEEN; PROMISE JOY BAKSTEEN,

Petitioners,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

No.    18-73366

Agency Nos.    A201-248-948
A201-248-949
A201-248-950

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2021**
Las Vegas, Nevada

Before:  CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Hermine Ouweneel and her daughters Johanna Baksteen and Promise

Baksteen, natives and citizens of the Netherlands, petition for review of a Board of

Immigration Appeals order dismissing their appeal from an immigration judge's

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("IJ") decision denying their application for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *see Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018), we deny the petition in part and dismiss it in part.

1. To be eligible for asylum based on religious persecution, Ouweneel must show that the source of the claimed persecution is the government or "forces that the government is unwilling or unable to control." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (quoting *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007)). Substantial evidence supports the agency's finding that Ouweneel did not meet this burden.

Ouweneel claimed that her family, as prominent members of the Brethren, a conservative religious sect, could influence the government of the Netherlands to prevent her from exercising her legal rights. But despite the Brethren's strong objections to divorce and her family's attempt to separate her from her daughters, Ouweneel was able to obtain a court order terminating her marriage and awarding her full custody of the children. Ouweneel's ex-husband complied with the custody order.

---

[1] Because Ouweneel's daughters' asylum applications are derivative of hers, the analysis as to her petition also applies to theirs.

2.   Ouweneel contends that the IJ denied her due process by not advising her that she was eligible for voluntary departure.  However, we lack jurisdiction to consider a claim of procedural error that Ouweneel failed to exhaust before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  Therefore, we dismiss this claim.

**PETITION DENIED in part and DISMISSED in part.**