NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS CERRITOS-DURAN, | No. 19-72108 |
| Petitioner, | Agency No. A076-352-619 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
Pasadena, California

Before: SILER,*** HURWITZ, and COLLINS, Circuit Judges.

Juan Carlos Cerritos-Duran, a native and citizen of Mexico, petitions for

review of the denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("Torture Convention"). We

dismiss the petition in part and deny it in part.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

1. Cerritos-Duran failed to exhaust his withholding of removal and Torture Convention claims because he did not challenge the denial of those claims by the immigration judge ("IJ") in his brief before the Board of Immigration Appeals ("BIA"). *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (Petitioner will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). Although the BIA generally adopted the decision of the immigration judge pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA also included a footnote expressly noting that Cerritos-Duran did "not challenge the Immigration Judge's denial of his applications for withholding of removal and protection under the Convention Against Torture" and that therefore "these issues are waived." "By so noting, the [BIA] made clear that it did not pass on th[ose] issue[s] and that its adoption of the reasoning of the IJ did not extend" to them. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 n.4 (9th Cir. 2005) (en banc). Because Cerritos-Duran did not raise his withholding of removal and Torture Convention claims to the BIA, and the BIA did not consider their merits, those claims are unexhausted and this court lacks jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

2. The BIA properly upheld the IJ's denial of Cerritos-Duran's application for asylum. In addressing this claim, we review the agency's "'legal

determinations de novo, and its factual findings for substantial evidence.'" *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018) (citation omitted). Substantial evidence review is "highly deferential," and we may set aside the agency's conclusion "only if the evidence in the record compels a contrary result." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009).

a. Substantial evidence supports the agency's conclusion that Cerritos-Duran did not demonstrate past harms rising to the level of persecution. Cerritos-Duran himself was never physically harmed, and the only threats that were directed at him personally were vague, extortionate threats from persons that he believed to be involved with cartels. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that "threats alone" constitute persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm"). Cerritos-Duran emphasizes that several of his family members were harmed or killed by suspected cartel members, but such mistreatment of others would constitute past persecution of *him* only when, for example, it is linked with threats directed towards him, *see, e.g.*, *Salazar-Paucar v. INS*, 281 F.3d 1069, 1074–75 (9th Cir. 2002), or with physical harm to him, *see, e.g.*, *Parada v. Sessions*, 902 F.3d 901, 909–10 (9th Cir. 2018). Cerritos-Duran made no such showing here. *See Tamang v. Holder*, 598 F.3d 1083, 1091–93 (9th Cir. 2010).

b. Substantial evidence also supports the BIA's determination that Cerritos-Duran's claim that he had a well-founded fear of future persecution on account of his family membership was speculative. In addressing the various incidents that he said supported his asserted fear, Cerritos-Duran admitted that he did not know who came to his mother's house demanding money, who stopped his nephews while they were walking home, who came to his house asking to come inside or why they did so, who shot his brother-in-law Edgar or why they did so, or who called him demanding money. He also acknowledged that he did not know whether the same people were involved in the various events. Even assuming that all of these incidents were related to cartels, the agency permissibly determined that the evidence did not establish that *family membership* was a central reason for the mistreatment. Moreover, the agency properly concluded that Cerritos-Duran's family-targeting theory was undercut by the fact that his mother and three siblings continue to reside in Mexico without encountering any threats or other harm. *See Tamang*, 598 F.3d at 1094 ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." (simplified)).

The petition for review is **DENIED IN PART** and **DISMISSED IN PART**.

4