**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELHADJI OMAR TOURE,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

Nos.  20-70369
       20-72920

Agency No. A209-169-468

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 2, 2021
Pasadena, California

Before:  PAEZ, CALLAHAN, and OWENS, Circuit Judges.
Dissent by Judge CALLAHAN

     Petitioner Elhadji Omar Toure, a native and citizen of Senegal, petitions for

review of the Board of Immigration Appeal's ("BIA") orders (1) dismissing his

appeal of an immigration judge's ("IJ") denial of asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"); and (2) denying his

motion to reopen.  Toure's first petition (No. 20-70369) challenges the agency's

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

adverse credibility determination and its denial of CAT relief. The second petition (No. 20-72920) challenges the BIA's denial of Toure's motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We grant Toure's first petition, remand, and deny Toure's second petition as moot.

Toure argues that the agency's adverse credibility determination is not supported by substantial evidence. We agree.[1]

We review an adverse credibility finding for substantial evidence. *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). "Although that standard is deferential, there must be a 'specific cogent reason' for [such a] finding." *Id.* (citation omitted). "We review those parts of the IJ's adverse credibility findings on which the BIA relied." *Id.*; *see also Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).

The BIA affirmed the IJ's adverse credibility determination on a single ground. It concluded that the IJ did not clearly err in finding an inconsistency between Toure's initial written statements, which explained that he was persecuted in Senegal because he worked as a tailor for gay clientele, and his later testimony that he is himself gay. But the IJ's finding is belied by the record, as the purported inconsistency is not an inconsistency at all. *See Perez-Arceo v. Lynch*, 821 F.3d

---

[1] The government's waiver and exhaustion arguments are meritless. Toure's opening brief did not waive his claims for asylum and withholding of removal, and all Toure's claims were properly exhausted before the BIA, *see Diaz-Jimenez v. Sessions*, 902 F.3d 955, 959-60 (9th Cir. 2018).

2

1178, 1184-85 (9th Cir. 2016) (holding the IJ's noted inconsistency "cannot support a negative credibility determination" because "there was no inconsistency . . . at all"). There is no inherent inconsistency between Toure's superseding I-589 application, which explained that he was persecuted for catering to the gay and bisexual community in Senegal, and his testimony at the hearing that he is gay. *See id.* at 1185.

Moreover, Toure's application specifically stated that the government and his uncle persecuted him because they believe he is gay. And Toure's written statement explained that, when his younger uncle saw him in Brazil, the uncle "told everybody" that Toure is gay, that he worked for the gay and bisexual community in Senegal, and that he was a shame to their religion. Thus, the purported inconsistency was not "a 'specific cogent reason' for [the] adverse credibility finding."[2] *Qiu*, 944 F.3d at 842 (citation omitted).

We grant Toure's first petition on this basis and remand his claims for asylum, withholding of removal, and CAT protection.[3] *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020) (explaining that "CAT's implementing regulations require the agency to consider 'all evidence relevant to the possibility

---

[2] We express no opinion on whether the IJ's other findings adequately supported the adverse credibility determination. *See Iman*, 972 F.3d at 1064.

[3] In light of this disposition, we need not address Toure's other arguments concerning his CAT claim. Toure may raise those arguments in any future petition, if necessary.

of future torture'" (citation omitted)). In light of our disposition of the first petition, we dismiss Toure's second petition as moot.

Additionally, Toure's motion for a stay of removal is granted. Toure's removal is stayed pending issuance of the mandate.

**Petitions for review GRANTED IN PART, DISMISSED IN PART, and REMANDED.**

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALLAHAN, Circuit Judge, dissenting:

I dissent. The majority does not deny that Toure first stated that he worked as a tailor for gay clientele and later testified that he was himself gay. Indeed, the BIA commented that the IJ "found that [Toure] initially testified that he had problems because he worked as a tailor for gay clientele, but later changed his testimony to say that he was actually gay himself" and that Toure did not "address this discrepancy on appeal." The majority opines that this "is not an inconsistency at all," but offers no authority for this conclusion. One might argue as to the consequences of Toure's inconsistent testimony, but the record fully supports the IJ's and BIA's finding of an inconsistency. Furthermore, a review of the entire record reveals that in his initial interview with an immigration officer, Toure stated that he left Senegal because his town was burned down in 2013, he wanted to go to New York to work, and could not return to Senegal because "people lent me money in Senegal and I don't have money to pay them back." Because there is substantial evidence to support the agency's adverse credibility determination, I would deny Toure's first petition for review.[1]

---

[1] Because the majority dismisses Toure's second petition as moot, I do not address its merits.