**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBY ESTELLA GARIBALDI, AKA Ruby
Estella Ortega Garibaldi,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     19-70507

Agency No. A095-771-559

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2021
San Francisco, California

Before:  GOULD and COLLINS, Circuit Judges, and EZRA,** District Judge.

Ruby Garibaldi ("Garibaldi" or "Petitioner"), a native of Mexico who was

brought to the United States as an infant, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Judge's ("IJ") decision ordering her removal to Mexico. Garibaldi's petition is based upon her contention that she received ineffective assistance of counsel in the aforementioned proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252, and we review *de novo* legal determinations and constitutional questions. *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citing *Diaz–Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018)). We dismiss Garibaldi's petition for review for lack of jurisdiction.[1]

Garibaldi's petition to this Court only raises ineffective assistance of counsel claims, which were raised for the first time before this Court.[2] However, petitioners generally cannot raise unexhausted claims not raised in the first instance before the BIA, particularly claims that could have been corrected by the BIA. *See Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) ("[T]o the extent petitioners contend they received ineffective assistance of counsel, we lack jurisdiction to review unexhausted claims that could have been corrected by the

---

[1] We further deny Petitioner's Motion to Take Judicial Notice of (1) a letter from the State Bar of Arizona and (2) a liability release because the Immigration and Nationality Act "limits our review to the 'administrative record upon which the deportation order is based and the Attorney General's findings of fact.'" *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996); 8 U.S.C. § 1252(b)(4)(A).

[2] Petitioner does not argue in her petition for review that the BIA made any error in its decision to affirm the IJ, and she therefore waives any challenge not premised on her ineffective assistance of counsel claims. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (stating that issues not raised in the opening brief are considered waived).

BIA."); *Singh v. Gonzales*, 499 F.3d 969, 973 (9th Cir. 2007); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Because Garibaldi raises unexhausted ineffective assistance of counsel claims for the first time before this Court, we lack jurisdiction to review them.[3]

**PETITION FOR REVIEW DISMISSED.**

---

[3] While we are unable to review Petitioner's claims, she may be able to file a motion to reopen before the BIA. At oral argument, counsel for the Government indicated that Petitioner could file such a motion, although counsel took no position on the merits of the motion or whether the Department of Homeland Security would oppose it.