NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ESTRADA-SANCHEZ, a.k.a. Jose Tomas Estrada Cuellar, | No. 17-72658 |
| Petitioner, | Agency No. A072-876-947 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2022[**]
San Francisco, California

Before: NGUYEN and SANCHEZ, Circuit Judges, and BOUGH,[***] District Judge.

Jose Estrada-Sanchez ("Petitioner"), a native and citizen of Guatemala,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

petitions for review of the Board of Immigration Appeals' ("BIA") order denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. §1252. We review the BIA's determinations for substantial evidence. *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018). We deny the petition for review.

1. Substantial evidence supports the agency's finding that Petitioner did not demonstrate his single beating amounted to past persecution, an extreme concept usually characterized as severe and sustained. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) ("Although a reasonable factfinder could have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.").

2. Petitioner did not have any further encounters with the kidnappers who assaulted him, presented no evidence that anyone came looking for him, and has not received any more threats since that day in 1982. In *Gu v. Gonzales*, we upheld the denial of asylum even though the applicant was abducted by the police, held in detention for three days, beaten severely, including with weapons, and only released upon certain assurances and payment. 454 F.3d 1014, 1017–18, 1021 (9th Cir. 2006). In this case, the evidence does not show that Petitioner sustained any harm. The encounter in which he was beat and kidnapped was brief, the Petitioner was not held and interrogated, and the record does not provide specific details of

2

further threats.  *Cf. Aguilera-Cota v. INS*, 914 F.2d 1375, 1379 (9th Cir. 1990) ("Where the evidence [of a threat] is not available, the applicant's testimony will suffice if it is credible, persuasive, and specific.").  The record does not compel the conclusion that Petitioner has shown past persecution.[1]

3.  Substantial evidence supports the agency's finding that Petitioner did not show it more likely than not that he would be tortured upon return to Guatemala because the evidence presented by Petitioner was too speculative.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); 8 C.F.R. § 1208.16(c)(2) (2017). The civil war in Guatemala ended more than two decades ago, multiple military officials who committed human rights crimes were brought to justice, and Petitioner has offered no evidence that he has been threatened since leaving the country 40 years ago.

**PETITION DENIED.**

---

[1] Petitioner does not argue that he has shown future persecution.