NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERVACIA ANDRES VARGAS; AGUSTIN DANILLO AGUSTIN ANDRES; F.E.A.A., a minor, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71478 <br><br> Agency Nos.   A208-123-942 <br> A208-123-943 <br> A208-123-944 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]
San Francisco, California

Before: NGUYEN and SANCHEZ, Circuit Judges, and BOUGH,[***] District Judge.

Gervacia Andres Vargas ("Andres Vargas"), a native and citizen of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order denying her requests for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). Andres Vargas's two children are

also petitioners. The children's claims are based on the same facts and

circumstances as Andres Vargas's, and we refer to Vargas in resolving all

petitioners' claims. We have jurisdiction under 8 U.S.C. § 1252. We review the

BIA's determinations for substantial evidence. *Diaz-Jimenez v. Sessions*, 902 F.3d

955, 958 (9th Cir. 2018). We deny the petition for review.

1. The immigration court did not lack jurisdiction over removal

proceedings. Andres Vargas's argument that the immigration court lacked

jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the Notices

to Appear in this case lacked hearing times, dates, and locations is foreclosed by

our precedent. *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022)

(en banc).

2. Substantial evidence supports the BIA's determination that Andres

Vargas failed to establish a nexus to a protected ground because the record shows

that any harm Andres Vargas experienced arose over a personal land dispute

and/or a criminal motive. Andres Vargas admits that she left Guatemala and fears

returning due to a dispute over land ownership with her husband's uncle. "An

alien's desire to be free from harassment by criminals motivated by theft . . . bears

no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3. Substantial evidence supports the determination that Andres Vargas failed to show internal relocation would be unreasonable. *See* 8 C.F.R § 1208.13(b)(2)(ii), (b)(3). Evidence shows that Andres Vargas's father-in-law, who was also threatened, successfully relocated within Guatemala without harm. The record does not compel a conclusion that internal relocation would be unreasonable.

**PETITION DENIED.**