**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

INDRAJANTI HANDOJO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-823

Agency No.
A216-482-443

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Indrajanti Handojo, a native and citizen of Indonesia, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

We review de novo the agency's legal determinations and review its factual findings for substantial evidence. *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018). When the BIA reviews "the IJ's factual findings for clear error, and review[s] de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Singh v. Whitaker*, 914 F.3d 654, 658 (quoting *Hosseini v. Gonzalez*, 471 F.3d 953, 957 (9th Cir. 2006)).

1. Substantial evidence supports the BIA's conclusion that Handojo did not suffer past persecution. Handojo testified about harassment and the general discrimination that she experienced in Indonesia, but the record does not compel the conclusion that she suffered harm rising to the level of persecution. *See Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004) (holding that "physical discomfort or loss of liberty," do not necessarily constitute past persecution, "despite the fact that such conditions have caused the petitioners some harm"). Because Handojo did not suffer past persecution, she was not entitled to the rebuttable presumption of a well-founded fear of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

2. Handojo contends that she is a member of two disfavored groups, Indonesians of Chinese descent, *see Sael v. Ashcroft*, 386 F.3d 922, 923 (9th Cir.

2004), and Christian Indonesians, *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), and faces persecution if removed on account of her membership in those groups. Although Handojo demonstrated membership in both groups, nothing in the record compels the conclusion that she would be targeted for persecution if she returned to Indonesia on account of her membership in those groups. *See, e.g. Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (holding that petitioner "failed to offer any evidence that distinguishes his exposure [to harm] from those of all other ethnic Chinese Indonesians").

3. To qualify for relief under the CAT, Handojo must establish that it is more likely than not—a "greater than fifty percent chance"—that she would be tortured if returned to Indonesia. 8 C.F.R. § 1208.16(c)(2); *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). Handojo argues that the BIA erred in drawing this conclusion that she had not met this burden because it failed to properly consider country conditions evidence in conjunction with her testimony. But the country conditions evidence did not establish that it is more likely than not that Handojo herself would be tortured in Indonesia. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022) (denying CAT relief where the petitioner provided country conditions evidence of crime and police corruption in Mexico, but could not demonstrate a "particularized, ongoing risk of future torture"). Although the record contains evidence of anti-Chinese and anti-Christian violence

in Indonesia, the record does not demonstrate that Handojo herself is more likely than not to be targeted.

**PETITION DENIED.**