NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SILAS JUNIOR MARTINS LEMES
COSTA; M. REGES COSTA; JULYANNA
COSTA REGES LEMES,[1]

       Petitioners,

  v.

PAMELA BONDI, Attorney General,

       Respondent.

No. 24-2817

Agency Nos.
A241-876-272
A241-876-270
A241-187-271

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2025[**]
San Francisco, California

Before: S.R. THOMAS, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioners Silas Junior Martins Lemes Costa (Lemes Costa), M. Reges

Costa, and Julyanna Costa Reges Lemes (together with Lemes Costa, the Costas)

---

[1] The Clerk is directed to correct Petitioner Julyanna Costa Reges Mendes' name
on the case caption to Julyanna Costa Reges Lemes.

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

seek review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of a decision by an Immigration Judge (IJ) denying the Costas' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The gravamen of the Costas' petition for review is that the IJ erred in concluding that Lemes Costa had not established past persecution for purposes of asylum.[3] To prove past persecution, Lemes Costa "must establish that (1) [his] 'treatment rises to the level of persecution;' (2) 'the persecution was committed by the government, or by forces that the government was unable or unwilling to control[;]' and (3) 'the persecution was on account of one or more protected grounds,' such as political opinion." *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

Here, the IJ found that Lemes Costa had not "carried his burden that the Brazilian Government was unable or unwilling to protect him." The Costas

---

[2] This petition for review does not concern the CAT claim or withholding of removal, only whether Lemes Costa has established past persecution so as to be eligible for asylum.

[3] Lemes Costa is the main applicant; the other Costas' applications are derivative of his. Accordingly, we focus on the persecution suffered by, and the evidence proffered by, Lemes Costa.

appealed to the BIA, making their argument in a statement attached to their notice of appeal rather than in an appellate brief. Their notice of appeal contended that Lemes Costa "suffered sufficient harm giving rise to persecution" and that he "was the victim of persecution in the past due to his actual and imputed political opinion." The notice, however, did not challenge the IJ's finding that the Brazilian government was unable or unwilling to protect Lemes Costa. Thus, the BIA found that the Costas had not addressed the IJ's "finding regarding the Brazilian government's willingness and ability to protect [Lemes Costa] from persecution." The BIA found this finding "dispositive" and "uncontested on appeal," and so dismissed the appeal. Now, the Costas argue that the IJ erred in ruling against them on this issue, but they do not address the BIA's conclusion that they failed to preserve their argument.

The Costas have failed to preserve their challenge because they failed to exhaust it before the BIA. "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)). In their notice of appeal to the BIA, the Costas recognized that Lemes Costa had to show the government was unable or unwilling to protect him. Yet they never identified any error in the IJ's treatment of that issue. Any challenge to that analysis is therefore

unexhausted.  Exhaustion "is mandatory in the sense that a court must enforce the rule if a party properly raises it," *id.* (cleaned up), and the government has.  Thus, the petition must be denied.

2. The Costas' petition must also be denied for a second reason.  In this petition for review, their "past persecution" argument relies exclusively on Lemes Costa's testimony.  However, the IJ found his "testimony to be neither credible nor persuasive."  In their appeal to the BIA, the Costas argued that the events described by Lemes Costa constitute persecution.  That is, the Costas explained why Lemes Costa's testimony, if believed, should have been persuasive.  But they never explained why his testimony should have been found credible.  Instead, the Costas told the BIA that the IJ had "chose[n] not to provide an analysis of [Lemes Costa's] credibility."  This was wrong: the IJ found Lemes Costa not credible and offered several reasons for that finding.  The BIA correctly found the adverse credibility finding "uncontested on appeal."  Because the BIA found the credibility issue "dispositive," even "viewed independently" from the IJ's findings about the Brazilian government, it dismissed the Costas' appeal.

Like the BIA, we would also deny the Costas' petition based solely on their failure to preserve a challenge to the adverse-credibility determination.  The Costas argue that they did not waive this challenge because their notice of appeal mentioned Lemes Costa's credibility.  Although a petitioner can ask us to consider

an argument even if they did not "make th[at] precise argument" to the BIA, they must still "g[i]ve the BIA an adequate opportunity to pass on the issue." *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 960 (9th Cir. 2018). In this case, the Costas' argument was not merely vague or imprecise. The Costas told the BIA that the analysis they now challenge did not exist. As a result, the BIA had no reason to evaluate the IJ's adverse-credibility determination. The government raised the Costas' failure to exhaust this issue, so we must enforce the exhaustion rule. *See Suate-Orellana*, 101 F.4th at 629. We conclude that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) prevents us from granting relief to the Costas.

   **PETITION DENIED.**