**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL ARANDA HURTADO, | No. 21-70443 |
| Petitioner, | Agency No. A088-710-883 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Saul Aranda Hurtado is a native and citizen of Mexico. He petitions for

review of a final order of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. Although we generally lack jurisdiction to review judgments regarding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to consider constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D). We review the BIA's legal determinations de novo. *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 958 (9th Cir. 2018). We deny the petition.

Because Aranda Hurtado was convicted of a crime involving moral turpitude for which a sentence of one year or longer could be imposed, he is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(A)(i). A conviction for grand theft in violation of California Penal Code Section 487(a) is a crime involving moral turpitude. *Cf. Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) ("[W]e have consistently held that acts of petty theft constitute crimes of moral turpitude."); *Silva v. Garland*, 993 F.3d 705, 710 n.1, 717 (9th Cir. 2021) (explaining that, under California law, "the elements of petty theft are the same as grand theft, apart from the amount or type of property taken" and holding that a violation of California's petty theft statute is a crime of moral turpitude). At the time of his conviction for grand theft, Aranda Hurtado was eligible for a potential sentence of one year imprisonment. *See* Cal. Penal Code §§ 487, 489(b). We have held that California's retroactive amendment to the maximum sentences for misdemeanor convictions, *see* Cal. Penal Code § 18.5, does not change the analysis of what a possible sentence could have been at the time of conviction for immigration purposes. *See Velasquez-Rios v. Wilkinson*, 988

F.3d 1081, 1085–88 (9th Cir. 2021).[1] Despite the reclassification of Aranda Hurtado's conviction, which reduced the maximum possible sentence from 365 days to 364 days, he is therefore ineligible for cancellation of removal.

Aranda Hurtado argues that the agency violated his due process rights because his proceedings took more than a decade to complete. But "[e]ven assuming that extraordinary delays caused by the agency could give rise to a constitutional claim" in very unusual circumstances, "there were no such 'very unusual circumstance[s]'" in Aranda Hurtado's case. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 667 (9th Cir. 2016).

**PETITION DENIED.**[2]

---

[1] Aranda Hurtado asks us to revisit *Velasquez-Rios* given the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). But we did not rely upon or even mention *Chevron* deference in *Velasquez-Rios*. *See Velasquez-Rios*, 988 F.3d at 1083–89.

[2] The temporary stay of removal remains in place until the mandate issues.